237 F.2d 647
 Mrs. C. L. FLOYD and Newton P. Allen, Co-administrators of C. L. Floyd, deceased, Appellants,
v.
June FEDUN, Appellee.
Mrs. C. L. FLOYD and Newton P. Allen, Co-administrators of C. L. Floyd, deceased, Appellants,
v.
Ruth O'CONNOR, Appellee.
 No. 12819.
 No. 12820.
 United States Court of Appeals Sixth Circuit.
 October 30, 1956.
 
 Newton P. Allen, Memphis, Tenn., Emmett W. Braden, Armstrong, McCadden, Allen, Braden & Goodman, Memphis, Tenn., on brief, for appellants.
 John E. Robinson, Robinson & Robinson, Memphis, Tenn., for appellees.
 Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These two actions for damages for personal injuries, received in an automobile accident at Memphis, Tennessee, were consolidated for trial in the United States District Court and resulted in judgments, on verdicts of the jury, in favor of appellees for $8,750 and $5,000, respectively.
 
 
 2
 The two young ladies who were injured were riding in an automobile owned by one of them and driven by the other. Their automobile stopped because of the changing of a traffic light at one of the main street intersections in Memphis. Both ladies were seated in the front seat of the automobile, which was struck from the rear by another motor vehicle owned and driven by C. L. Floyd, now deceased. The actions were revived against his co-administrators. Both appellees testified that the car in which they were riding was brought to a gradual stop at the intersection, while the driver of the car which struck their automobile claimed that their vehicle had come to a sudden stop. This presented a sharp issue of fact, which was resolved against C. L. Floyd by the jury verdicts. The verdicts were upheld by the district judge.
 
 
 3
 Error is charged by appellants in the exclusion by the trial judge of the testimony of a Memphis police captain, offered as an expert to show that occupants of the automobile, when stopped abruptly, would be thrown forward, both plaintiffs having testified that they were so thrown. The trial judge rejected the proffered expert testimony on the stated ground that the police captain had insufficient educational advantages to enable him to testify as an expert on the subject matter. The court ruled that no expert testimony was needed, for the reason that the jury was capable of passing upon the issue of fact involved.
 
 
 4
 Appellants assign error, also, in the action of the United States District Judge in charging the jury as to three ordinances of the City of Memphis. They complain that there was no evidence to sustain violation of the ordinances. We think the record discloses sufficient evidence to justify the proper submission to the jury of the issue as to whether the respective ordinances were violated. The judge was careful to impress upon the jury that plaintiffs were obligated to show by a preponderance of the evidence that the respective city ordinances were violated; and that, as a direct and proximate result of such violations, if any, the plaintiffs had sustained the injuries for which they sued.
 
 
 5
 On the proof in the cases, the verdict of the jury assessing the damages of June Fedun at $8,750 was not excessive.
 
 
 6
 The respective judgments of the United States Court on the jury verdicts are affirmed.